UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20804-SINGHAL(s)

UNITED STATES OF AMERICA

v.

WILLIAM D. FOSTER,

        Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the Defendant, William D. Foster, hereby stipulate and agree that had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

Beginning at least as early as December 23, 2008, through in or around November 2019, in Miami-Dade, Broward, and Palm Beach Counties, and elsewhere, the Defendant knowingly and willfully combined, conspired, confederated, and agreed with others to, in and affecting interstate and foreign commerce, knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, persons, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause such persons to engage in commercial sex acts, and that a person had not attained the age of eighteen years and would be caused to engage in commercial sex acts.

From in or around September 2006, through in or around October 2006, in Broward County and elsewhere, the Defendant knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, and obtained Victim 4, a 17-year-old female, knowing that Victim 4 had not attained the age of 18 years and would be caused to engage in commercial sex acts.

From in or around August 2007, through June 20, 2008, in Miami-Dade, Broward, and Palm Beach Counties, and elsewhere, the Defendant knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, and obtained Victim 1, a 17-year-old female, knowing that means of force, fraud, and coercion, would be used to cause Victim 1 to engage in commercial sex acts, and that Victim 1 had not attained the age of 18 years and would be caused to engage in commercial sex acts. Then, from in or around December 23, 2008, through in or around May 2010, in Miami-Dade, Broward, and Palm Beach Counties, and elsewhere, when Victim 1 was an adult female, the Defendant knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 1, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Victim 1 to engage in commercial sex acts.

From in or around May 2004, through in or around August 2011, in Miami-Dade, Broward, and Palm Beach Counties, and elsewhere, the Defendant, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, and obtained Victim 2, an adult female, knowing that force, fraud, and coercion, would be used to cause Victim 2 to engage in commercial sex acts.

From in or around August 2005, through in or around December 2009, in Miami-Dade and Broward Counties, and elsewhere, the Defendant, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, and obtained Victim 5, an adult female, knowing that force, fraud, and coercion, would be used to cause Victim 5 to engage in commercial sex acts.

From in or around August 2013, through in or around November 2019, in Miami-Dade, Broward, and Palm Beach Counties, and elsewhere, the Defendant, knowingly, in and affecting

interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 6, an adult female, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Victim 6 to engage in commercial sex acts.

From in or around January 2015, through in or around November 2019, in Miami-Dade, Broward, Palm Beach, and Martin Counties, and elsewhere, the Defendant, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained Victim 7, an adult female, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Victim 7 to engage in commercial sex acts.

From in or around March 2016, through in or around April 2017, in Miami-Dade and Broward Counties, and elsewhere, the Defendant, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained, by any means, Victim 8, an adult female, knowing, and in reckless disregard of the fact, that fraud and coercion, and any combination of such  means would be used to cause Victim 8 to engage in commercial sex acts.

From in or around August 2019, through on or about September 6, 2019, in Broward and Palm Beach Counties, and elsewhere, the Defendant, knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained, by any means, Victim 3, an adult female, knowing, and in reckless disregard of the fact, that fraud and coercion, and any combination of such means, would be used to cause Victim 3 to engage in commercial sex acts.

3

From in or around August 2004, through in or around September 2019, in Miami-Dade, Broward, and Palm Beach Counties, and elsewhere, the Defendant, knowingly and willfully combined, conspired, confederated, and agreed with others to knowingly transport individuals in interstate and foreign commerce, with intent that such individuals engage in prostitution. During the conspiracy, one of the coconspirators knowingly engaged in at least one overt act as described in the Superseding Indictment. The overt act was committed on or about the time alleged with the purpose of carrying out and accomplishing the object of the conspiracy. It was the purpose of the conspiracy for the Defendant and his co-conspirators to unjustly enrich themselves by recruiting females to engage in prostitution and directing females to travel to different locations within the United States and outside of the United States to engage in prostitution. The Defendant and his coconspirators purchased flights and made alternative travel arrangements for the females to travel to different locations to engage in prostitution, including New York, Michigan, and Nevada. The Defendant or another individual designated by the Defendant collected the earnings made by the females for working at the exotic dance venues and engaging in prostitution. The females' earnings were deposited into bank accounts that the Defendant and his co-conspirators controlled.

The Defendant recruited victims either himself or through other individuals to live with and work for the Defendant at exotic dance venues and to engage in commercial sex. The Defendant told the victims, including Victims 1 through 8, that the money that they made working at the exotic dance venues and engaging in commercial sex would be put toward business and property investments that would benefit the victims and provide for their early retirement. These representations ultimately led the victims, including Victims 1 through 8, to engage in commercial sex. The victims, including Victims 1 through 8, turned over their earnings each night at the Defendant's direction to either the Defendant or an individual selected by the Defendant to be in

charge of the earnings, and the earnings were deposited into bank accounts that the Defendant and his co-conspirators controlled. The victims were not able to retain the earnings that they made from dancing and commercial sex. At any given time from 2006 to 2019, between three (3) and fifteen (15) females lived with and worked for the Defendant engaging in commercial sex. The victims worked at least an eight-hour shift, approximately six days a week, every week of the year, and earned thousands of dollars per week, all of which was given to the Defendant.

The representations made by the Defendant to the victims were false. Ultimately, the victims that worked for the Defendant's organization were not provided with their earnings, a benefit from any investments that were made with their earnings, or a retirement fund, apart from basic living expenses. Any money spent on basic living expenses, such as food, clothes, and hygiene products, required the Defendant's permission. The Defendant used violence against certain victims within his organization when the Defendant perceived that the victims did not comply with his orders or rules. The instances of violence were either witnessed by or inflicted upon Victim 1, Victim 2, Victim 5, Victim 6, and Victim 7. When victims attempted to leave the Defendant, they were threatened with psychological or financial harm. Ultimately, when victims were able to leave the Defendant, they left with little to none of their earnings from engaging in commercial sex.

On or about June 2, 2016, the Defendant traveled with Victim 6 on board American Airlines Flight 2203 from Miami, Florida, to Las Vegas, Nevada, so that Victim 6 would engage in prostitution in Nevada.

In or around late August 2019 or early September 2019, the Defendant directed Victim 3 and Victim 6 to travel from Florida to Michigan for the purpose of working at exotic dance venues and engaging in prostitution. On or about September 4, 2019, the Defendant drove Victim 3 and Victim 6 from Palm Beach County to the Fort Lauderdale-Hollywood Airport, in Fort Lauderdale,

5

Florida, for a flight to Detroit Metropolitan Wayne County Airport, in Detroit, Michigan, so that they would engage in prostitution in Michigan.

Beginning as early as June 2008, and continuing through in or around November 2019, in Miami-Dade, Broward, and Palm Beach Counties, and elsewhere, the Defendant knowingly and voluntarily combined, conspired, confederated, and agreed with other persons, including Hanah Chan and Ashleigh Holloway, to knowingly conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and to avoid a transaction-reporting requirements. During the charged time period, the Defendant directed Chan, Holloway, and others to knowingly deposit illicit proceeds from his commercial sex and sex trafficking enterprise at various domestic financial institutions operating in interstate commerce that were located in Miami-Dade, Broward, and Palm Beach Counties, among other locations, in such a way as to conceal or disguise the nature, location, source, ownership, and control of the proceeds, *i.e.*, that the deposits were the proceeds of commercial sex and sex trafficking, and were controlled by the Defendant. These accounts included, but were not limited to, the following:

| Business Accounts | Bank Account Information |
|---|---|
| Live LLC | J.P. Morgan Chase Account Ending in 3969 |
| Taboo Retail LLC | J.P. Morgan Chase Account Ending in 0700 |
| Ocean House Entertainment | Bank of America Account Ending in 3086 |
| Ocean House Entertainment | Regions Account Ending in 3704 |
| ZAWYOU LLC | Bank of America Account Ending in 7839 |
| MTN Doo Logistics | Bank of America Account Ending in 9622 |

| Personal Accounts | Bank Account Information |
|---|---|
| William D. Foster | J.P. Morgan Chase Account Ending in 1528 |
| William D. Foster | J.P. Morgan Chase Account Ending in 2505 |
| William D. Foster | Regions Account Ending in 9981 |
| Hanah Chan | Bank of America Account Ending in 2640 |
| Hanah Chan | Regions Account Ending in 3956 |
| Hanah Chan & Ashleigh Holloway | TD Bank Account Ending in 9380 |
| Victim 6 | J.P. Morgan Chase Account Ending in 7981 |
| Ashleigh Holloway | J.P. Morgan Chase Account Ending in 3597 |

These accounts received hundreds of thousands of dollars in proceeds from commercial sex.

Furthermore, the Defendant and others, at the Defendant's direction, made cash deposits or assisted in the making of cash deposits at said financial institutions in amounts less than $10,000 to avoid the transaction reporting requirements, specifically, the requirement that domestic financial institutions and banks must file currency-transaction reports with the Government listing all deposits, withdrawals, transfers, or payments involving more than $10,000 in cash or currency.

Some of the structured deposits made during the course of the conspiracy include:

| Approx. Date of Deposit | Nature of Transaction | Amount |
|---|---|---|
| 5/19/2016 | Cash Deposit into Chan's Bank of America Account Ending in 2640 | $5,000 |
| 5/19/2016 | Cash Deposit into Ocean House Entertainment's Bank of America Account Ending in 3086 | $5,000 |
| 5/19/2016 | Cash Deposit into ZAWYOU's Bank of America Account Ending in 7839 | $3,600 |
| 5/19/2016 | Cash Deposit into ZAWYOU's Bank of America Account Ending in 7839 | $1,400 |
| 5/19/2016 | Cash Deposit into Taboo Retail LLC's J.P. Morgan Chase Account ending in 0700 | $4,850 |
| 5/19/2016 | Cash Deposit into Taboo Retail LLC's J.P. Morgan Chase Account ending in 0700 | $150 |
| 5/19/2016 | Cash Deposit into the Defendant's J.P. Morgan Chase Account Ending in 2505 | $5,000 |
| 5/19/2016 | Cash Deposit into Holloway's J.P. Morgan Chase Account | $4,500 |

| | | |
|---|---|---|
| | Ending in 3597 | |
| 5/19/2016 | Cash Deposit into Victim 6's J.P. Morgan Chase Account Ending in 7981 | $5,000 |
| 5/20/2016 | Cash Deposit into the Defendant's J.P. Morgan Chase Account Ending in 2505 | $3,900 |
| 6/4/2017 | Cash Deposit into Chan's Bank of America Account ending in 2640 | $5,000 |
| 6/4/2017 | Cash Deposit into Taboo Retail LLC's J.P. Morgan Chase Account ending in 0700 | $3,000 |
| 6/4/2017 | Cash Deposit into Taboo Retail LLC's J.P. Morgan Chase Account ending in 0700 | $2,000 |
| 6/5/2017 | Cash Deposit into Taboo Retail LLC's J.P. Morgan Chase Account ending in 0700 | $9,800 |
| 6/5/2017 | Cash Deposit into Taboo Retail LLC's J.P. Morgan Chase Account ending in 0700 | $6,750 |
| 8/8/2019 | Cash Deposit into the Defendant's J.P. Morgan Chase Account Ending in 2505 | $5,000 |
| 8/8/2019 | Cash Deposit into Holloway's J.P. Morgan Chase Account Ending in 3597 | $5,000 |
| 8/8/2019 | Cash Deposit into Victim 6's J.P. Morgan Chase Account Ending in 7981 | $5,000 |
| 8/8/2019 | Cash Deposit into Ocean House Entertainment's Regions Account ending in 3704 | $5,000 |
| 8/8/2019 | Cash Deposit into Chan's Regions Account ending in 3956 | $5,000 |
| 8/8/2019 | Cash Deposit into the Defendant's Regions Account ending in 9981 | $5,000 |
| 8/8/2019 | Cash Deposit into Chan and Holloway's TD Account ending in 9380 | $5,000 |

These deposits were then transferred, withdrawn, converted, and used by the Defendant and others, to make various transfers and purchases at the Defendant's direction.

The parties agree that these facts, which do not include all facts known to them, are sufficient to prove beyond a reasonable doubt the Defendant's guilt with respect to the counts contained in the Superseding Indictment.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 3/25/22    By: _____
JESSICA KAHN OBENAUF
ASSISTANT UNITED STATES ATTORNEY

Date: 3/25/2022   By: _____
BROOKE ELISE LATTA
ASSISTANT UNITED STATES ATTORNEY

Date: 3/28/22    By: _____
DAVID HOWARD
ATTORNEY FOR DEFENDANT

Date: 3/25/22    By: _____
WILLIAM D. FOSTER
DEFENDANT